IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBIN LYNN FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-488-SLR |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

Defendant MBNA America Bank, N.A. ("MBNA"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves for an Order dismissing Plaintiff Robin Lynn Fox's Complaint with prejudice. In support of its Motion, MBNA refers to and relies upon the attached Memorandum of Law which is fully incorporated by reference herein.

Wherefore, MBNA respectfully requests that its Motion to Dismiss be granted in its entirety and that Plaintiff's Complaint be dismissed with prejudice. MBNA further requests that

it be awarded its costs in this matter including reasonable attorneys' fees, and that the Court grant MBNA such other relief as may be necessary and appropriate.

Respectfully submitted,

_/s/ Sheldon N. Sandler_

Sheldon N. Sandler, Esquire (No. 245)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email: ssandler@ycst.com
and

Elena D. Marcuss, Esquire
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, MD 21202
Telephone: (410) 659-4400
Facsimile: (410) 659-4547
Email: emarcuss@mcguirewoods.com

Attorneys for Defendant

DATED:  August 25, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN LYNN FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-488-SLR |
| ) | |
| MBNA AMERICA BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendant MBNA America Bank, N.A. ("MBNA"), through undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss. For the reasons set forth below, Plaintiff's Complaint against MBNA should be dismissed as the Plaintiff has failed to exhaust her administrative remedies.

### INTRODUCTION

On August 7, 2006, Plaintiff, appearing pro se, filed the present matter in this Court using the Court's form "Complaint Under Title VII of the Civil Rights Act of 1964." (See Complaint.) In the Complaint, Plaintiff alleges that the termination of her employment with MBNA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII" or "the Act"). (D.I. ¶¶ 1 and 10.) Paragraph 8 of the form complaint asks the plaintiff to identify the date upon which the plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filled in a year, 2004, but did not provide a day or month. (Complaint ¶ 8.) Paragraph 9 of the form complaint asks the plaintiff to identify the date upon which the plaintiff received a Notice of Right to Sue from the EEOC.

Plaintiff did not fill in a date and instead wrote "pending – waiting on letter." (Complaint ¶ 9.) Accordingly, Plaintiff has not attached a copy of any Notice of Right to Sue to the Complaint.

## ARGUMENT

**I.  Standards for a Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957). Federal Rule 12(b)(6) authorizes the Court, operating on the assumption that the well-pleaded factual allegations of the Complaint are true, to dismiss any claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326, (1989); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). The Rule enables courts to streamline litigation by dispensing with needless discovery and fact finding. Neizke, 490 U.S. at 326.

**II.  Plaintiff's Complaint Admits That She Has Not Exhausted Her Administrative Remedies**

Title VII contains specific steps a litigant must follow in order to assert a private cause of action under the Act. See 42 U.S.C. § 2000e-5. A complainant may not institute a civil action under Title VII until such time as the EEOC provides that complainant with a Notice of Right to Sue letter. See Id. "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir 2001) (citing Anjelino v. New York Times Co., 200 F.3d 73, 93 (3d Cir

1999). Simply stated, "[a] complainant may not bring a Title VII suit without having first received a right-to-sue letter." Id. (citing Anjelino, 200 F.3d at 87).[1]

The present matter must be dismissed as Plaintiff has failed to exhaust her administrative remedies by having failed to obtain a right-to-sue letter prior to filing her Complaint. There is no dispute that Plaintiff did not obtain a right-to-sue letter prior to filing her Complaint as her Complaint affirmatively states that the letter is "pending – waiting on letter." (See D.I. ¶ 9.) Therefore, Plaintiff has clearly failed to exhaust her administrative remedies, and there can be no doubt that the plaintiff's claim is fatally defective. Accordingly, this case should be dismissed.

---

[1] It appears that Plaintiff may be attempting to plead a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), as opposed to Title VII. That, however, would not change the analysis as the ADA, like Title VII, requires that the plaintiff exhaust her administrative remedies, including receipt of a notice of right to sue, prior to filing a lawsuit. See 42 U.S.C. § 12117.

3
DB01:2176274.1                                                                                              009626.1049

## CONCLUSION

For the foregoing reasons, MBNA respectfully requests that its Motion to Dismiss be granted in its entirety and that Plaintiff's Complaint be dismissed with prejudice. MBNA further

requests that it be awarded its costs in this matter including reasonable attorneys' fees, and that the Court grant MBNA such other relief as may be necessary and appropriate.

Respectfully submitted,

Sheldon N. Sandler, Esquire (No. 245)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email: ssandler@ycst.com

and

Elena D. Marcuss, Esquire
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, MD 21202
Telephone: (410) 659-4400
Facsimile: (410) 659-4547
Email: emarcuss@mcguirewoods.com

Attorneys for Defendant

DATED: August 25, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBIN LYNN FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-488-SLR |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss, the Memorandum of Law in support thereof, any opposition thereto, and all matters of record, it is this _____ day of _____ 2006;

ORDERED, that the Motion be and hereby is Granted in its entirety, and it is further

ORDERED, that Plaintiff's Complaint be and hereby is Dismissed with Prejudice.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August 2006, a copy of **Defendant's Motion to Dismiss, Memorandum of Law In Support** thereof, and proposed **Order** were served by first class mail, postage prepaid, upon:

>Robin Lynn Fox
>P.O. Box 231
>Conowingo, MD  21918
>
>and
>
>Robin Lynn Fox
>30 Pinder Avene
>Elkton, MD 21921

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Sheldon N. Sandler
>_____
>Sheldon N. Sandler, Esquire (No. 0245)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, Delaware  19899-0391
>Telephone: (302) 571-6673
>Facsimile: (302) 576-3330
>Email:  ssandler@ycst.com
>Attorneys for Defendant

DATED:   August 25, 2006