IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN LYNN FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-488-SLR |
| | ) |
| MBNA AMERICA BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of September, 2006, having reviewed the complaint filed by plaintiff Robin Lynn Fox and the motion to dismiss filed by defendant MBNA America Bank, N.A., and the papers submitted thereto;

IT IS ORDERED that the motion to dismiss is granted (D.I. 5), and the complaint will be dismissed without prejudice to plaintiff's right to pursue relief subsequent to exhaustion of administrative remedies, for the reasons that follow:

1. **Background.** Plaintiff filed this Title VII employment discrimination action pursuant to 42 U.S.C. § 2000e-5. She appears pro se and on August 22, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) In the normal course of events the court would review and screen the complaint pursuant to 42 U.S.C. § 1915. Prior to screening and entry of a service order, defendant was apparently served with the complaint inasmuch as it filed the pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based upon plaintiff's

failure to exhaust administrative remedies. (D.I. 5) Plaintiff did not file a response to the motion to dismiss.

2. The complaint alleges that in August 2004, plaintiff was subjected to employment discrimination. (D.I. 2 at ¶¶ 4, 5) No specific date is provided. Plaintiff alleges she filed charges with the Department of Labor of the State of Delaware, Unemployment Division, and prevailed in November 2004. Id. at ¶ 7. Again, no specific date is provided. She alleges that in 2004 she filed charges with the Equal Employment Opportunity Commission ("EEOC"), the matter is pending, and she is waiting on the notice of right to sue letter. Id. at ¶ 8, 9. Plaintiff does not provide the date or the month when she filed the EEOC charge.

3. Plaintiff alleges she was discharged from employment based upon her conditions of post traumatic stress disorder and mental illness. Attached to the complaint are letters from MBNA and Prudential Financial, medical records, MBNA personnel policy documents, and an application for unemployment insurance, but plaintiff did not attach a copy of the EEOC charge as stated in the complaint. Id. at ¶ 12.

4. **Standard of Review.** The court "accept[s] all well-pleaded allegations in the complaint as true, and view[s] them in the light most favorable to the plaintiff." Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004). Pro se complaints are held to

"less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Carino, 376 F.3d at 156; Estelle, 429 U.S. at 97.

5. **Analysis**. Defendant moves for dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that plaintiff has failed to exhaust her administrative remedies. Defendant correctly notes that plaintiff appears to allege employment discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., rather than discrimination under Title VII, 42 U.S.C. § 2000e-5. Title VII addresses discrimination based upon race, color, religion, sex, or national origin while the ADA addresses discrimination based upon disability. Regardless of the theory of discrimination, both acts require exhaustion of administrative remedies prior to filing suit in federal court. See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).

6. Exhaustion requires both consultation with an agency counselor and filing a formal EEOC complaint within the required time. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1977); see also Ebbert V. DaimlerChrysler Corp., 319 F.3d 103, 115 n.14

(3d Cir. 2003). The aggrieved person is not permitted to bypass the administrative process. Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976) (citations omitted). The jurisdictional prerequisites to the filing of a suit under Title VII or the ADA are the filing of charges with the EEOC and the receipt of the notice of the right to sue letter. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798-99 (1973); Ostapowicz, 541 F.2d at 398; Tlush v. Manufacturers Res. Ctr., 315 F. Supp. 2d 650, 655 (E.D. Pa. 2002) (attainment of a right-to-sue letter from the EEOC is a condition precedent to filing Title VII and ADA suits).

7. **Conclusion.** It is clear from the complaint that plaintiff has not yet exhausted her administrative remedies. Indeed, paragraph 9 indicates that the matter is pending before the EEOC and that plaintiff is waiting on her "letter." Defendant's motion to dismiss (D.I. 5) is granted. Because the complaint does not assert the exhaustion of administrative remedies, the complaint is dismissed without prejudice to plaintiff's right to pursue relief later in federal court after administrative remedies are exhausted. See Robinson, 107 F.3d at 1022 (3d Cir. 1977)(a motion to dismiss a Title VII lawsuit for failure to exhaust administrative remedies should be treated as a motion to dismiss for failure to state a claim).

_____
UNITED STATES DISTRICT JUDGE