IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN LYNN FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-488-SLR |
| | ) |
| MBNA AMERICA BANK, N.A., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of December, 2006, having reviewed the plaintiff's letter dated September 22, 2006, construed as a motion for reconsideration;

IT IS ORDERED that the motion is denied, for the reasons that follow:

1. **Background.** Plaintiff filed this Title VII employment discrimination action pursuant to 42 U.S.C. § 2000e-5. The complaint was dismissed without prejudice to plaintiff's right to pursue relief following exhaustion of administrative remedies. (D.I. 6) As previously discussed by the court, plaintiff has not yet received her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Id.

2. **Standard of Review.** The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for

reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Cafe v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

3.  A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. <u>See</u> <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." <u>Brambles USA, Inc. v. Blocker</u>, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." <u>Brambles USA</u>, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); <u>See also</u> D. Del. LR 7.1.5.

4.  **Discussion**. Plaintiff seeks reconsideration of the order dismissing her complaint. Her letter/motion to the court indicates that the discrimination remains pending before the EEOC. She asks the court to keep the case active since the "EEOC

will be in contact and sending letters soon." (D.I. 7) Defendant opposes the motion, noting that plaintiff's letter confirms the correctness of the court's previous ruling. (D.I. 8)

    5. **Conclusion.** There was no intervening change in the controlling law or new evidence that was not available when the September 21, 2006 order was entered. Reconsideration is not warranted. Accordingly, the motion for reconsideration (D.I. 7) is **denied**, and the case is closed.

                                            */s/ Sue L. Robinson*
                                        UNITED STATES DISTRICT JUDGE